UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TINA M. BYERS,<br><br>              Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security, [1]<br><br>              Defendant. | Case No. 3:12-cv-05679-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 26, 2013 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits.  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration.  Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit.  **The Clerk of Court is directed to update the docket accordingly.**

REPORT AND RECOMMENDATION - 1

should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On October 21, 2009, plaintiff filed an application for SSI benefits, alleging disability as of January 1, 2000, due to a posttraumatic stress disorder, a bipolar disorder, anxiety, an inability to walk, a history of cancer, back pain, a schizoaffective disorder, and borderline personality traits. See Administrative Record ("AR") 14, 107, 134.  That application was denied upon initial administrative review on December 14, 2009 and on reconsideration on March 24, 2010. See AR 14, 52, 59.  A hearing was held before an administrative law judge ("ALJ") on April 14, 2011, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 29-49.

In a decision dated April 21, 2011, the ALJ determined plaintiff to be not disabled. See AR 14-23.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 13, 2012, making the ALJ's decision the final decision of the Commissioner. See AR 1; see also 20 C.F.R. § 416.1481.  On August 10, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on October 22, 2012. See ECF #9.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for further administrative proceedings, because the ALJ erred: (1) in not giving specific and legitimate reasons for rejecting the opinions of examining psychologist Jamie E. Carter, Ph.D.; (2) in failing to incorporate all the functional limitations assessed by non-examining, consultative psychologists Matthew Comrie, Psy.D., and Leslie Postovoit, Ph.D.; (3) in not giving clear and convincing reasons for discounting plaintiff's credibility; and (4) in not properly considering the

REPORT AND RECOMMENDATION - 2

lay witness statement of plaintiff's mother, Mary Burke.  For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the opinion of Dr. Carter and the statement from Ms. Burke, and therefore based on those errors, recommends that the decision to deny benefits be reversed, and that this matter be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

REPORT AND RECOMMENDATION - 3

Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

I.      The ALJ's Evaluation of the Medical Opinion from Dr. Carter

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Plaintiff argues the ALJ did not give specific and legitimate reasons for rejecting the medicals opinions of Dr. Carter. With respect to those opinions, the ALJ stated:

> In a January 17, 2008, evaluation by Jamie E. Carter, Ph.D., the diagnoses were a bipolar disorder not otherwise specified, rule out of a schizoaffective disorder, borderline personality traits and rule out of a borderline personality disorder, an anxiety disorder not otherwise specified, and rule out of post

REPORT AND RECOMMENDATION - 5

>traumatic stress disorder and/or panic disorder with agoraphobia (B1B). While personality factors and/or psychotic symptoms impairing judgment, anxiousness around others, and poor adaptation are listed, it is also noted that the claimant is able to reason and understand, and that memory and concentration are not significantly impaired, despite her allegations to the contrary. In a March 20, 2009, addendum, Dr. Carter indicated that the claimant had no limitation on the ability to understand, remember, and follow one to two step (simple) instructions, and only a mild limitation with the same on complex instructions, learning new tasks, and performing routine tasks, but dealing with supervisors, coworkers, and the public were in the moderate range (B3F). Psychologist Carter assessed the claimant as having very similar abilities in an August 12, 2009, evaluation (B4F). Again, the abilities were the same in the July 8, 2010, assessment by Dr. Carter, with the psychologist adding that the claimant is able to reason and to understand, and that memory and concentration are not significantly impaired (B21F). He also notes that the claimant has very limited social interaction, does not trust people, and has panic attacks in public attacks [sic]. However, this assessment is not based on observations or history, but on the allegations of the claimant.

AR 20. Specifically, plaintiff asserts the ALJ erred by failing to mention the marked limitation in her ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting Dr. Carter also assessed. See AR 218, 227, 362. As seen above, the ALJ made no mention of this assessed limitation in his decision. In addition, the mental functional limitations with which the ALJ himself assessed plaintiff contain no such limitation. See AR 18. Indeed, it is not at all clear – given the absence of any mention of the limitation – that the ALJ actually was aware of it, let alone properly considered it.

Defendant argues plaintiff has not provided any legal authority for the proposition that the ALJ "needed to provide a specific and legitimate reason for rejecting each and every part of Dr. Carter's opinion." ECF #13, p. 10. But this is not what plaintiff has argued. Rather, she argued the marked limitation on the ability to tolerate the pressures and expectations of a normal work setting has a potentially significant impact on her ability to perform work, as testified to by the vocational expert at the hearing. See AR 47-48. Indeed, because of this and because Dr Carter is an examining psychologist, the undersigned finds that assessed limitation constitutes

REPORT AND RECOMMENDATION - 6

significant probative evidence the ALJ was required to expressly consider before rejecting, and it thus was error for the ALJ not to do so.

II.     The ALJ's Evaluation of Ms. Burke's Lay Witness Statement

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Id. at 512. The ALJ also may "draw inferences logically flowing from the evidence." Sample, 694 F.2d at 642.

Plaintiff also asserts error with regard to the ALJ's following findings:

> The records include a third party report of activities of daily living completed on November 28, 2009, by Mary Burke, the claimant's mother (B5E). She describes the claimant as formerly being able to do just about anything she wanted. She explains that the claimant gets only a few hours of sleep a night, does a poor job with personal care, needs to be reminded to bathe, and will neglect to take her medication, unless the mother administers it to her. The informant reports that, due to lack of drive and bad depression, the claimant does only the most minimal of food preparation, she shops once a month for foods that can be prepared quickly, and her only household chores are laundry and dishes. The mother explains that due to panic attacks and fears the claimant goes outside only for appointments, but she is able to go out alone and drives a vehicle to travel to appointments. She also describes the claimant as able to manage finances and pay bills. However, she also describes her as mostly staying in bed watching television or sleeping, having no social life, having no friends, and not engaging in any community activities. The mother reports that the claimant is right handed and is able to walk only a single block, then needing to rest 10 to 15 minutes. She states that the claimant is able to pay attention for about 10 to 15 minutes, does not complete things she starts, and does not handle stress or changes in routine well at all, but follows written and spoken instructions well, and has no difficulties with authority figures. Finally, the mother indicates that the problems experienced affect the ability to squat, bend, stand, walk, sit, and talk, as well as memory and

REPORT AND RECOMMENDATION - 7

> concentration.  The information from this source is considered credible to the
> extent of accurately reporting what she has observed and what she has been
> told, but not where unsupported by medical findings.

AR 18-19.  The undersigned agrees with plaintiff that the ALJ failed to sufficiently specify what findings do not support Ms. Burke's observations.  The parties themselves agree, furthermore, that pursuant to Bruce v. Astrue, 557 F.3d 1113, 1115-16 (9th Cir. 2009), it was improper for the ALJ to reject those observations on the basis that they are not supported by the medical evidence in the record.

Defendant does argue though that plaintiff is unable to show any harm here, because Ms. Burke's observations were "contradicted by more reliable medical evidence that the ALJ accepted." ECF #13, p. 8 (citing Molina v. Astrue, 674 F.3d 1104, 1118-19 (9th Cir. 2012) (stating claimant in that case did not suggest any basis for concluding ALJ's failure to properly address lay witness testimony likely affected outcome of case where it was "contradicted by more reliable medical evidence that the ALJ credited")).  But as discussed above, the ALJ erred as well in evaluating the medical evidence in the record.  In addition, Ms. Burke's observations clearly indicate symptoms and limitations greater than those found by the ALJ. See AR 18-19, 156-62.  As such, the ALJ's improper rejection thereof is not harmless.[3]

III.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is

---

[3] See Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

REPORT AND RECOMMENDATION - 8

unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in this case in regard to the medical and lay witness evidence in the record, and thus in regard to whether plaintiff is in fact disabled, remand to the Commissioner for further administrative proceedings is warranted here.

## CONCLUSION

For all of the above reasons, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

1  is directed set this matter for consideration on **July 26, 2013**, as noted in the caption.

2  DATED this 9th day of July, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10